UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

D'WANNA WILLIAMS,
an individual,

    Plaintiff,

CASE NO:

vs.

MORROW BROTHERS, LLC,

    Defendant.
_____/

## COMPLAINT

Plaintiff, D'WANNA WILLIAMS ("Plaintiff") by and through the undersigned counsel, hereby files this Complaint and sues MORROW BROTHERS, LLC, for injunctive relief, attorney's fees and costs pursuant to 42 U.S.C. §12181 *et seq.*, ("Americans with Disabilities Act" or "ADA") and alleges:

### JURISDICTION AND PARTIES

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. §12181 *et seq.,* (hereinafter referred to as the "ADA"). This Court is vested with original jurisdiction under 28 U.S.C. Sections 1331 and 1343.

2. Venue is proper in this Court, the Northern District of Alabama pursuant to 28 U.S.C. §1391 (B) and Local Rules of the United States District Court for the Northern District of Alabama.

3. Plaintiff, D'WANNA WILLIAMS (hereinafter referred to as "WILLIAMS") is a resident of the State of Alabama and is a qualified individual with a disability under the ADA. WILLIAMS suffers from what constitutes a "qualified disability" under the Americans with Disabilities Act of 1990, ("ADA") and all other applicable Federal statutes and regulations to the extent that she suffers from paraplegia and has had amputation of both of her legs and requires a wheelchair for mobility. Prior to instituting the instant action, WILLIAMS visited the Defendant's premises at issue in this matter, and was denied full, safe and equal access to the subject properties due to their lack of compliance with the ADA. WILLIAMS continues to desire and intends to visit the Defendant's premises but continues to be denied full, safe and equal access due to the barriers to access that continue to exist.

4. The Defendant, MORROW BROTHERS, LLC, is a limited liability company registered to do business and, in fact, conducting business in the State of Alabama. Upon information and belief MORROW BROTHERS, LLC, (hereinafter referred to as "MORROW") is the owner, lessee and/or operator of the real

2

properties and improvements that are the subject of this action, specifically: The Crab Barrack restaurants located at 103 Bessemer Super Highway in Midfield, Alabama, and at 9417 Parkway East in Birmingham, Alabama (hereinafter referred to jointly as the "Restaurants").

5. All events giving rise to this lawsuit occurred in the Northern District of Alabama.

## COUNT I - VIOLATION OF THE ADA

6. On or about July 26, 1990, Congress enacted the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12101 *et seq*. Commercial enterprises were provided one and a half years from enactment of the statute to implement its requirements. The effective date of Title III of the ADA was January 26, 1992. 42 U.S.C. §12181; 20 C.F.R. §36.508 (A).

7. Pursuant to 42 U.S.C. §12181(7) and 28 C.F.R. §36.104, the Restaurants owned and/or operated by MORROW are places of public accommodation in that they are restaurants operated by a private entity that provides goods and services to the public.

8. Defendant has discriminated and continues to discriminate against the Plaintiff, and others who are similarly situated, by denying access to, and full, safe and equal enjoyment of goods, services, facilities, privileges, advantages and/or

accommodations at the Restaurants in derogation of 42 U.S.C §12101 *et seq*.

9. The Plaintiff has been unable to and continues to be unable to enjoy access to, and the benefits of the services offered at the Restaurants owned and/or operated by MORROW. Prior to the filing of this lawsuit, Plaintiff visited the Restaurants at issue in this lawsuit and was denied access to the benefits, accommodations and services of the Defendants' premises and therefore suffered an injury in fact as a result of the barriers to access listed in Paragraph 11, below that she personally encountered. In addition, Plaintiff continues to desire and intends to visit the Restaurants, but continues to be injured in that she is unable to and continues to be discriminated against due to the barriers to access that remain at the Restaurants in violation of the ADA. WILLIAMS has now and continues to have reasonable grounds for believing that she has been and will be discriminated against because of the Defendants' continuing deliberate and knowing violations of the ADA.

10. Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991, the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA 28 C.F.R. Part 36.

11. MORROW is in violation of 42 U.S.C. §12181 *et seq.* and 28 C.F.R. §36.302 *et seq.* and is discriminating against the Plaintiff as a result of *inter alia*, the following specific violations that Plaintiff personally encountered:

### Midfield Restaurant (103 Bessemer Super Highway)

i. No accessible or van accessible parking is provided in the parking lot serving the Midfield Restaurant as the two parking spaces currently provided with some indicia of accessibility lack raised signs and adjacent access aisles necessary for a wheelchair user;

ii. The two accessible parking spaces provided with some indica of accessibility are located in an area of the Midfield Restaurant's parking lot containing excessive running and cross slopes that are too steep for a wheelchair user;

iii. There is no accessible route between the parking lot and the main entry to the Midfield Restaurant due to excessive cross and running slopes and ramps that lack necessary handrails;

iv. There is no lowered, wheelchair accessible seating position offered at the bar in the Midfield Restaurant;

v. The women's toilet room in the Midfield Restaurant contains a lavatory with pipes that are not insulated as necessary for a wheelchair user, a mirror that is mounted too high for a wheelchair user and the water closet in the accessible toilet stall

        has a flush valve located on the narrow side of the accessible toilet stall, out of reach of a wheelchair user.

vi.    Upon information and belief, there are similar barriers to access of wheelchair users in the Midfield Restaurant's men's toilet room;

**Center Point Restaurant (9417 Parkway East)**

vii.    Of the five (5) accessible parking spaces provided at the Center Point Restaurant, three (3) lack raised signs to designate them as such or to designate them as "van accessible," where necessary, and one (1) lacks an adjacent access aisle necessary for a wheelchair user;

viii.    The two (2) built-up curb ramps provided at the Center Point Restaurant contain excessive running slopes and flared sides that are excessively steep and which protrude into the accessible parking spaces and access aisles they serve, such that the access aisles and parking spaces are not level as required by a wheelchair user, as both access aisles provided and four of the five accessible parking spaces provided, have ramps that protrude into them;

  ix.  The women's toilet room at the Center Point Restaurant lacks accessible signage to designate it as such and the flush valve on the water closet in the accessible toilet stall faces the narrow side of the stall, out of reach for a wheelchair user;

  x.  Upon information and belief, there are similar barriers in the men's toilet room at the Center Point Restaurant.

12. There are other current barriers to access and violations of the ADA at the Restaurant owned and operated by Defendants that were not specifically identified herein as the Plaintiff is not required to engage in a futile gesture pursuant to 28 C.F.R. Part 36, §36.501 and, as such, only once a full inspection is performed by Plaintiff or Plaintiff's representatives can all said violations be identified.

13. To date, the barriers to access and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

14. Pursuant to the ADA, 42 U.S.C. §12101 *et seq.* and 28 C.F.R. §36.304, Defendant was required to make its Restaurants, places of public accommodation, accessible to persons with disabilities by January 28, 1992. To date, Defendant has failed to comply with this mandate.

15. Plaintiff has been obligated to retain undersigned counsel for the filing

and prosecution of this action. Plaintiff is entitled to have her reasonable attorney's fees, costs and expenses paid by Defendant pursuant to 42 U.S.C. §12205.

16. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff injunctive relief, including an Order to alter the subject facilities to make them readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA, and closing the subject facilities until the requisite modifications are completed.

WHEREFORE, the Plaintiff demands judgment against MORROW and requests the following injunctive and declaratory relief:

    A. That the Court declare that the properties owned and administered by Defendant is violative of the ADA;

    B. That the Court enter an Order directing Defendant to alter its facilities to make them accessible to and useable by individuals with disabilities to the full extent required by Title III of the ADA;

    C. That the Court enter an Order directing Defendant to evaluate and neutralize its policies and procedures towards persons with disabilities for such reasonable time so as to allow them to undertake and complete corrective procedures;

    D. That the Court award reasonable attorney's fees, costs (including expert fees) and other expenses of suit, to the Plaintiff; and

    E. That the Court award such other and further relief as it

deems necessary, just and proper.

Dated this 4th day of February, 2022.

Respectfully submitted,

By: ___*/s/ Edward I. Zwilling*___
Edward I. Zwilling, Esq.
AL State Bar No.: ASB-1564-L54E

**OF COUNSEL:**

Law Office of Edward I. Zwilling, LLC
4000 Eagle Point Corporate Dr.
Birmingham, Alabama 35242
Telephone: (205) 822-2701
Email: edwardzwilling@zwillinglaw.com